IN THE UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANA RIVERA RODRÍGUEZ and ANDRÉS NIEVES QUILES, on their own behalf and on behalf of their minor child I.N.R.; ANA NIEVES RIVERA;<br><br>Plaintiffs,<br><br>v.<br><br>MIGUEL PEREIRA CASTILLO, Administrator of Corrections of the Commonwealth of Puerto Rico;<br><br>HÉCTOR FONTÁNEZ RIVERA, Director and/or Auxiliary Administrator of Security at the central office of the Administration of Corrections, and the conjugal partnership formed between him and Lydia Ivette Lasalle<br><br>EVARISTO CRUZ MORALES, Director of Classification for the Administration of Corrections, and the conjugal partnership formed between him and Spouse Doe 1;<br><br>JAIME LÓPEZ MARTÍNEZ, Director of the Southern Region and the Ponce Complex, and the conjugal partnership formed between him and Spouse Doe 2;<br><br>JORGE SILVESTRININ, Director of Security for the Ponce Complex, and the conjugal partnership formed between him and Spouse Doe 3;<br><br>JORGE VÍCTOR HERNÁNDEZ MONTERO, Superintendent at Ponce Young Adults, and the conjugal partnership formed between him and Spouse Doe 4;<br><br>WILMER SEPÚLVEDA, Auxiliary Superintendent at Ponce Young Adults, and the conjugal partnership formed between him and Spouse Doe 5; | CIVIL NO. 04-1389 (HL)<br><br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

LT. EDWIN ENCARNACIÓN COSME, Commander of the Guard at Ponce Young Adults, and the conjugal partnership formed between him and Spouse Doe 6;

OSVALDO BERRÍOS LANAUZE, Director of the Intermediate Unit of Psycho-Social Rehabilitation at Ponce Young Adults, and the conjugal partnership formed between him and Spouse Doe 7;

WILBERTO GONZÁLEZ, sergeant assigned to Ponce Young Adults, and the conjugal partnership formed between him and Spouse Doe 8;

LUIS LUGO, custodial officer assigned to Ponce Young Adults, and the conjugal partnership formed between him and Spouse Doe 9;

JOSEAN SANTIAGO, custodial officer assigned to Ponce Young Adults, and the conjugal partnership formed between him and Spouse Doe 10;

KIRK KOE, NESTOR NOE, PETER POE, sergeants and Shift Commanders at Ponce Young Adults, and the conjugal partnerships formed between them and Spouse Doe 11, Spouse Doe 12, and Spouse Doe 13, respectively;

TIMOTHY TOE, MARCK MOE, Correctional Officers responsible for the custody of inmates at Ponce Young Adults, and the conjugal partnerships formed between them and Spouse Doe 14 and Spouse Doe 15, respectively;

SAMUEL SOE; ADAM LOE, officers responsible for assigning inmates to housing units at Ponce Young Adults, and the conjugal partnerships formed between them and Spouse

16 and Spouse 17, respectively.

ALL IN THEIR PERSONAL CAPACITIES

Defendants

## COMPLAINT

NOW COME the plaintiffs through the undersigned attorneys and complaining against defendants STATE, ALLEGE and PRAY:

### STATEMENT OF JURISDICTION AND VENUE

1.     This action arises under the Eighth and Fourteenth Amendments of the Constitution of the United States, and the Civil Rights Act of 1871, as amended, 42 U.S.C. §1983, and under the Constitution and laws of the Commonwealth of Puerto Rico, in particular, 31 L.P.R.A. §5126 and Art. II, §§ 1, 7, and 12, and Art. VI, §19 of the Constitution of the Commonwealth of Puerto Rico. The state and federal causes of action raised in this Complaint are so related as to form part of the same case and controversy and derive from a common nucleus of operative fact. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction is conferred on this Court under 28 U.S.C. §1367. Venue lies in this Court pursuant to 28 U.S.C. §1391(b), on the basis that the plaintiffs' claims arose within the judicial district of Puerto Rico.

2.     At all times pertinent to this action the defendants have acted as officers or employees, and under color of the laws, regulations, customs, and usages of the Commonwealth of Puerto Rico.

-4-

## PARTIES

3. Plaintiff I.N.R., at all times pertinent to the facts related in this action, is a minor that was incarcerated as a pre-trial detainee, under the custody of the Administration of Corrections of Puerto Rico (AOC), in the prison known as Ponce Young Adults (Ponce 304).

4. Plaintiff I.N.R. is not currently confined in any jail, prison, or other correctional facility.

5. Plaintiffs Ana Rivera Rodríguez and Andrés Nieves Quiles are the parents and legal guardians of I.N.R. Plaintiff Ana Nieves Rivera is the sister of I.N.R.

6. All defendants are being sued in their personal and individual capacity for their personal involvement in the violation of I.N.R.'s rights and/or the foreseeable consequences of their acts or omissions which deprived plaintiff I.N.R. of his constitutional rights, with wanton, reckless, callous, and/or deliberate indifference. All defendants are also being sued in their personal and individual capacity for their personal involvement in the foreseeable consequences of their acts or omissions which, through fault or negligence, caused damages to the Plaintiffs.

7. Defendant MIGUEL PEREIRA CASTILLO was at all times pertinent to this action the Administrator of Corrections for the Commonwealth of Puerto Rico. He is responsible for ensuring that the prisoners in his custody are provided with safe and humane conditions of confinement. He is also responsible for implementing policies regarding security in AOC facilities; for ensuring that institutional staff are trained in the safe and proper management of AOC facilities; that institutional staff correctly adhere to lawful policies of the AOC; and that all institutions are run according to the precepts of the Constitution of the United States, the Constitution of Puerto Rico,

-5-

and Federal and Commonwealth statutory law. Defendant Miguel Pereira Castillo is also responsible for the selection, training, supervision and discipline of all personnel working for the Administration of Corrections. The AOC is a creature of Commonwealth law, Law No. 116 of 22 July 1994, as amended, Title 4 P.R. Laws ANN. Sec. 1101 et seq.

8. Defendant CAPTAIN HÉCTOR FONTÁNEZ RIVERA, was at all times pertinent to this action the Director of Security, or the Auxiliary Administrator for Security, for the AOC. The Security Director is responsible for implementing the AOC's security policies, and for ensuring that all institutions in the AOC system are run in a safe and humane manner through the execution of procedures designed to accomplish that end.

9. At all times relevant to the Complaint, defendants Miguel Pereira Castillo and Héctor Fontánez Rivera were responsible for adequately deploying staff at the institutions of the Administration of Corrections, including Ponce Young Adults, overseeing compliance with constitutional standards at those institutions, implementing practices and procedures which would ensure the physical safety of I.N.R. and other inmates in custody at those institutions, and monitoring the observance of such practices and procedures at those institutions. This they failed to do in reckless disregard or through fault or negligence and thereby caused harm to I.N.R.

10. Defendant EVARISTO CRUZ MORALES was at all times pertinent to this action the Director of Classification for the AOC. Mr. Cruz Morales is responsible for ensuring that all inmates under the custody of the AOC, are properly classified, that policies and procedures are in place to identify and to house appropriately vulnerable inmates, and that inmates who require higher custody levels because of their dangerousness, are housed separately from inmates who are

-6-

vulnerable. In particular, Mr. Cruz Morales was responsible for ensuring that I.N.R. was not held in the same housing unit along with dangerous inmates. This he failed to do in reckless disregard or through fault or negligence and thereby caused harm to I.N.R.

11. On information and belief, defendants JORGE SILVESTRINI and JAIME LÓPEZ MARTINEZ, (collectively referred to below as the "Directors") were at all times pertinent to this action the Director of Security for the Ponce Complex, and the Director of the Ponce Complex and the Southern Region, respectively. In those positions, the Directors were responsible for implementing the AOC's security policies, and for ensuring that all institutions in the Ponce Region are run in a safe and humane manner through the execution of procedures designed to accomplish that end. In addition, they were responsible for ensuring that vulnerable inmates were housed separately from dangerous inmates. They were further responsible for supervising staff at each institution and for putting into place policies and procedures to carry out these ends. In particular, Defendants were responsible for ensuring that I.N.S. was provided adequate security and protection given his security and custody needs, and that he was not housed in the same housing unit with dangerous inmates. They were also responsible for implementation of the AOC's security-related policies and procedures. This they failed to do in reckless disregard or through fault or negligence and thereby caused harm to I.N.R.

12. Defendants JORGE VÍCTOR HERNÁNDEZ MONTERO and WILMER SEPÚLVEDA, (collectively, the "Superintendents") were at times pertinent to this action superintendent and auxiliary superintendent, respectively, at Ponce Young Adults. The Superintendents were responsible for supervising line staff, for carrying out security-related policies and procedures of the AOC, for protecting the life and bodily integrity of persons under the custody

-7-

of the AOC at Ponce Young Adults, for ensuring that inmates were housed according to their custody and security needs, and for the general day-to-day operation of the institution. They were also reasponsible for the deployment of staff within Ponce Young Adults and implementing practices and procedures which would ensure the physical safety of I.N.R. and other inmates in custody at that institution, and monitoring the observance of such practices and procedures at that institution. This they failed to do in reckless disregard or through fault or negligence and thereby caused harm to I.N.R.

13. Defendant LT. EDWIN ENCARNACIÓN COSME was, at all times pertinent to this action, the Commander of the Guard at Ponce Young Adults. He was responsible for supervising line staff and for implementing the AOC's security-related functions at Ponce Young Adults. On information and belief, he was also responsible for making decisions about where particular inmates at the institution were held. The security practices in place at Ponce Young Adults either were established by the Commander of the Guard or continued in place by the Commander of the Guard.

14. Defendants Sergeant WILBERTO GONZÁLEZ, OSVALDO BERRÍOS LANAUZE, Kirk Koe, Nestor Noe, and Peter Poe (collectively, the "Supervisors") were at all times pertinent to this action, supervisory and/or security personnel at Ponce Young Adults. As such, they were responsible for ensuring that adequate staff were posted at each housing unit at Ponce Young Adults, to ensure the safety and bodily integrity of all inmates housed in such units, and that they receive the proper and prescribed security and supervision. On information and belief, one or more of the Supervisors were responsible for making decisions about where inmates at the institution were held. On information and belief, one or more of the supervisors was on duty on 11 May 2003. The security practices in place at Ponce Young Adults were either established by the Supervisors or were

-8-

continued in place by them.  Without further discovery, the precise identities of defendants Kirk Koe, Nestor Noe, and Peter Poe cannot be determined at this time, despite plaintiffs' diligent efforts.

15.     Defendants Samuel Soe and Adam Loe were, on information and belief, officers at Ponce Young Adults who acted as liaisons with the Central Office PMO.  They were responsible for ensuring that all the prisoners were properly assigned to housing units at Ponce Young Adults.  On information and belief, they actually assigned I.N.R. to Control 23 at Ponce Young Adults, where he was housed with dangerous inmates.  Without further discovery, the precise identities of defendants Soe and Loe cannot be determined at this time, despite diligent efforts on the part of plaintiffs.

16.     Defendants LUIS LUGO, JOSEAN SANTIAGO, Timothy Toe and Mark Moe (collectively, the "Custody Officers") were at all times pertinent to this action, custody officers at Ponce Young Adults.  As such, they were responsible for providing custodial supervision of the inmates at the institution.  In particular, one or more of the Custody Officers was responsible for supervising Control 23 on or about 11 May 2003.  It was the responsibility of the Custody Officers to protect each inmate, including I.N.R., from assault by other inmates.  Without further discovery, the precise identities of defendants Toe and Moe cannot be determined at this time, despite diligent efforts on the part of plaintiffs.

17.     At all times pertinent to this action, each defendant, through his or her duties as an employee or officer of the AOC, was responsible for ensuring the safety, and for protecting the life and bodily integrity, of the inmates being held within the sphere of the defendant's duties, including that of I.N.R.

-9-

18. Spouse Doe 1, Spouse Doe 2, Spouse Doe 3, Spouse Doe 4, Spouse Doe 5, Spouse Doe 6, Spouse Doe 7, Spouse Doe 8 , Spouse Doe 9, Spouse Doe 10, Spouse Doe 11, Spouse Doe 12, Spouse Doe 13, Spouse Doe 14, Spouse Doe 15, Spouse Doe 16, and Spouse Doe 17 are fictional names for the spouses of defendants in this action, as set out in the caption.

19. Upon information and belief, Lydia Ivette Lasalle, Spouse Doe 1, Spouse Doe 2, Spouse Doe 3, Spouse Doe 4, Spouse Doe 5, Spouse Doe 6, Spouse Doe 7, Spouse Doe 8, Spouse Doe 9, Spouse Doe 10, Spouse Doe 11, Spouse Doe 12, Spouse Doe 13, Spouse Doe 14, Spouse Doe 15, Spouse Doe 16, and Spouse Doe 17 are married to their spouses as set out in the caption of this case under Puerto Rico's community properties and conjugal partnership law.

**FACTS**

20. On or about 11 May 2003, I.N.R. was housed under the custody of the Administration of Corrections, at Control 23 (Intermediate Unit) of Ponce Young Adults (Ponce 304). This area is formally known as the Psycho-Social Intermediate Unit, and is intended for young adults inmates with psychiatric disorders or mental illnesses. These patients, including I.N.R., require special security and medical services. I.N.R. was previously held at the Psychiatric Correctional Hospital, from 2 April 2003 until 1 May 2003, while receiving treatment for his mental health conditions. On 1 May 2003 he was transferred to the Intermediate Unit at Ponce 304.

21. On or about 11 May 2003, at approximately 7:00 P.M., I.N.R was sexually assaulted by at least four other inmates that were also housed at the Control 23 Intermediate Unit. After the inmates forced I.N.R. to enter to cell #217, they threatened to kill him if he said anything, and then

-10-

sexually assaulted and sodomize him. When the incident occurred, not a single custodial officer was inside or in the immediacies of the living area.

22. After the attack, I.N.R. could not move. He was later taken to the prison medical area from where he was taken to a local hospital and diagnosed with rectal bleeding caused by rape.

23. At no time did any officer intervene to put a stop to the attack. The incident lasted approximately half an hour.

24. Only one officer was assigned to the Housing Unit on 11 May 2003. No officers were inside the housing unit, nor did any officer patrolled the walkway nearby the housing unit.

25. On information and belief, some or all of the inmates who attacked I.N.R. were convicted of violent assaults and diagnosed with mental disorders. These inmates were transferred to another institution the day after the assault took place, but the AOC did not conduct a formal investigation, nor formal disciplinary measures were taken.

26. As a result of the assault, I.N.S. suffered physical injuries, including pain, bleeding and abrasions in the anal area. In addition, I.N.S, in spite of having received counseling, continues to experience nightmares, anxiety, and depression as a result of the attack.

27. Upon hearing of the incident, Plaintiffs Ana Rivera Rodríguez, Ana Nieves Rivera, and Andrés Rivera Quiles suffered and continue suffering mental anguish, anxiety and depression.

28. At all times relevant to the Complaint, individual Defendants:

    (A) failed to adequately supervise inmates at Ponce Young Adults, or to ensure that they were adequately supervised;

-11-

(B) failed to adequately control the gates which separate the different sections and to control the individual cell doors in the living areas of Ponce Young Adults, or failed to ensure that they were adequately controlled;

(C) failed to ensure that sufficient personnel was assigned to Ponce Young Adults;

(D) failed to observe proper practices and procedures at Ponce Young Adults or failed to ensure that personnel assigned to that institution observed proper practices and procedures;

(E) failed to deploy officers in the living areas to protect I.N.R., and other inmates from grievous harm and death; and

(F) implemented or permitted other practices which endangered the lives and bodily integrity of I.N.R. and other inmates in Ponce Young Adults.

29. At all times relevant to the Complaint, the conditions at Ponce Young Adults as described in the above paragraph created an unreasonable risk of inmate on inmate assault in reckless disregard of I.N.R's security.

30. At all times relevant to this Complaint, the Individual Defendants were acting as employees, agents and/or officials of the Commonwealth of Puerto Rico, and were, thus, acting under color of the laws, regulations, customs, and usages of the Commonwealth of Puerto Rico.

31. DEFENDANTS were aware of serious lapses in security and of the unreasonable risk of inmate on inmate assault existing at Ponce Young Adults through information available to them through regular channels of communication at the Administration of Corrections and based on their direct observation of conditions at Ponce Young Adults.

-12-

32. Despite being aware of the serious security problems and of the unreasonable risk of inmate on inmate assault existing at Ponce Young Adults, DEFENDANTS failed to provide adequate security to I.N.R. and other inmates of Ponce Young Adults and failed to enforce acceptable correctional practices at that institution or to otherwise provide adequate security to I.N.R. and other inmates of Ponce Young Adults.

33. Additionally and/or in the alternative, DEFENDANTS failed to follow prescribed practices and procedures which ensured the safety and security of I.N.R. and other inmates within Ponce Young Adults, and failed to take any reasonable steps to diminish that risk in their areas of responsibility with respect to Ponce Young Adults.

34. At all times relevant to this Complaint, all the DEFENDANTS, in gross dereliction of their assigned duties, and in deliberate indifference to the risk of I.N.R. and other inmates' of bodily injury and death known to exist at Ponce Young Adults, failed to take any action to reasonably respond to and deter the risk of inmate on inmate assault which existed at that institution.

35. DEFENDANTS' indifference, failures and omissions, resulted in the rape and sexual assault of I.N.R. on 11 May 2003, when he was violently sodomize by other inmates. As a result of this attack I.N.R. was taken to the emergency medical area at the Ponce Complex, were he was referred and taken to the Emergency Room of Hospital San Lucas, in Ponce, Puerto Rico.

36. The heinous attack perpetrated on I.N.R. was caused and made possible by DEFENDANTS' egregious, callous and reckless failure to maintain any semblance of security in Ponce Young Adults as described above.

-13-

37    At all times relevant to this Complaint, all the DEFENDANTS were acting as employees, agents and/or officials of the Commonwealth of Puerto Rico, and were, thus, acting under color of the laws, regulations, customs and usages of the Commonwealth of Puerto Rico.

38.   Under Law No. 116 of 22 July 1974, 4 L.P.R.A. §§ 1101 et seq., I.N.R. was under the legal custody of DEFENDANTS and they were, therefore, responsible for all the obligations which such custody imposed.

39.   The acts of the DEFENDANTS deprived I.N.R. of his physical safety and security without due process of law, and inflicted cruel and unusual punishment upon him, in violation of the Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States and Art. II, §§ 1, 7, and 12, and Art. VI, §19 of the Constitution of the Commonwealth of Puerto Rico. DEFENDANTS are jointly and severally liable to Plaintiff for this violation.

40.   The acts and omissions of DEFENDANTS constituted deliberate indifference toward the life, safety, and physical integrity of I.N.R. in violation of the Civil Rights Act, as amended, 42 U.S.C. §1983. DEFENDANTS are jointly and severally liable to Plaintiff for this violation.

41.   The acts of the DEFENDANTS also amounted to negligence under Puerto Rico's Civil Code, 31 L.P.R.A. §5126, for which they are jointly and severally liable to the Plaintiffs.

42.   By operation of Puerto Rico's community property and conjugal partnership law, the conjugal partnerships formed between each Individual Defendant and his or her spouse are jointly liable for the damages sustained by the plaintiffs.

43.   In the alternative, to the extent that the Individual Defendant spouse does not have sufficient individual assets ("*bienes privativos*") to pay a judgment against him or her, the conjugal

-14-

partnership and community property formed between that Individual Defendant and his or her spouse is subsidiarily liable for damages caused to Plaintiffs.

### **DAMAGES**

44.   DEFENDANTS are joint and severally liable for all damages stemming from defendants' reckless disregard and the deliberate indifference to I.N.R.'s safety and well-being and/or the fault or negligence of defendants.

45.   I.N.R. suffered extreme physical and mental pain while and after he was raped and suffered from the fear of being severely injured.

46.   As set forth in the above paragraphs, Defendants are liable for mental and moral damages, specifically the pain and anguish suffered by PLAINTIFFS Ana Nieves Rivera, Ana Rivera Rodríguez, and Andrés Nieves Quiles after they were aware of the pain and suffering caused to I.N.R, their brother and son respectively.

47.   As set forth in the above paragraphs, DEFENDANTS are also liable to PLAINTIFFS for punitive and exemplary damages.

### **DEMAND FOR JUDGMENT**

WHEREFORE PLAINTIFFS demand judgment against each and every one of the DEFENDANTS for compensatory, punitive and or exemplary damages, plus attorneys' fees, costs and any other remedy to which plaintiffs are entitled.

-15-

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this  4TH  day of  May  of the year 2004.

**CIVIL ACTION AND EDUCATION CORPORATION**
Mercantil Plaza Building, Suite 720
2 Ponce de León Avenue
San Juan, PR  00918-1611
Phone: (787) 753-6999
Fax: (787) 764-7666


/S/
**Ricardo Alfonso García**
**USDC-PR No. 216914**


/S/
**Manuel Rodríguez Banchs**
**USDC-PR 216208**